UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WAYMAN THOMAS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CV-288 RM |
| ) | |
| TIM TIMKO, *et al.*, ) | |
| ) | |
| Defendants ) | |

<u>OPINION AND ORDER</u>

Wayman Thomas, a prisoner committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging that Tippecanoe County Jail officials violated his federally protected rights on December 4, 2003, while he was temporarily housed at the jail. The court screened the complaint pursuant to 28 U.S.C. § 1915A and allowed Mr. Thomas to proceed against Custody Officer Tim Timko on his excessive use of force claim and against Custody Sergeant Sean Barnes on his deliberate indifference to serious medical needs claim.

The defendants move for summary judgment, pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 56, solely on the question of whether Mr. Thomas exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Mr. Thomas has responded to the defendants' summary judgment motion. For the reasons that follow, the court grants the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. <u>Hughes</u>

> v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio *Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

The defendants have moved to strike some of the exhibits Mr. Thomas submitted in support of his response to their summary judgment motion. The court declines to strike these exhibits, but will disregard any inadmissible evidence presented in these submissions.

In his response to the defendants' motion, Mr. Thomas asks the court to deny the defendants' request for summary judgment because discovery is not yet completed. He has also moved to compel discovery. The defendants moved for summary judgment solely on the question of whether Mr. Thomas exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). None of Mr. Thomas's discovery requests deal with exhaustion of remedies, so there is no reason to delay dealing with the defendants' summary judgment motion.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e

2

"applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002).

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 534.

In support of their summary judgment motion, the defendants submit the the affidavit of Tippecanoe Jail Commander Denise Saxton, which establishes that the Tippecanoe County Jail had a grievance procedure in effect while Mr. Thomas was housed there and that there was a procedure by which inmates could request medical care for non-emergency medical conditions. She states in her affidavit that the jail rules, which include the grievance and medical request procedures, were posted on the cell doors in the receiving area of the jail and are typically provided to inmates entering the jail. Nevertheless, according to Ms. Saxton, Mr. Thomas did not submit a grievance dealing with the incident he alleges occurred on December 4, 2003, nor did he submit a medical request form.

Although the defendants provided Mr. Thomas with an extensive warning, pursuant to Timms v. Frank, 953 F.2d 281 (7th Cir. 1992), and Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing their summary judgment motion, Mr. Thomas did not submit an affidavit stating facts dealing with the question of whether he attempted

3

to exhaust his administrative remedies. Instead, Mr. Thomas responded to the defendants' submissions with a memorandum of law and exhibits.

In his memorandum of law, Mr. Thomas says he began "the initial steps to the grievance process by initiating a grievance request while simultaneously requesting a medical complaint form as well . . . only to be denied such request." Mr. Thomas states that "each time he pushed the emergency intercom button, located in the cell, a voice would respond 'this is not D.O.C. we don't have a grievance procedure here, and no you cannot see the doctor.'" (Plaintiff's memorandum of law at p. 4).

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Mr. Thomas to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he attempted to grieve the excessive use of force by Officer Timko and denial of medical attention by Sgt. Barnes. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). If Mr. Thomas had placed the statements contained in his memorandum in an affidavit, or if he had sworn to the factual assertions in his memorandum under penalty of perjury, his statement might well have created disputed issues of material fact precluding summary judgment. But a summary judgment court cannot accept unsworn statements contained in a memorandum as evidence. Because Mr. Thomas has not come forth with admissible evidence that he tried to grieve the excessive use of force by Officer Timko and denial of medical attention by Sgt. Barnes, he has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

In his memorandum, Mr. Thomas also asserts that the day after the attack he wrote a letter to Major Tracy Brown, a senior jail official, "complaining of the urgent need to [be] seen by a doctor stemming from a beating he received from . . . Tim Timko. Thomas went so far as to claim the thought he had suffered a broken leg from the beating." (plaintiff's memorandum of law at p. 4). He submits what purports to be a copy of his letter to Major Brown as Exhibit 1(c).

This court will assume, for the purposes of this memorandum, that on December 5, 2003, Mr. Thomas complained in writing to Major Brown about Officer Timko's conduct on December 4, and about his need for medical attention. In Hock v. Thipedeau, 238 F.Supp.2d 446, 448 (D.Conn. 2002), the court initially found that a prisoner who wrote several letters to prison officials complaining of a guard's conduct, which resulted in a departmental investigation of the incident and the resignation of the guard, had "satisfied the exhaustion of administrative remedy requirement of Section 1997e(a)." But on reconsideration, the court concluded that Booth v. Churner and Porter v. Nussle required prisoners to exhaust Connecticut's administrative inmate grievance procedure. Hock v. Thipedeau, 245 F.Supp.2d 451, 456-457 (D.Conn. 2003). The court held that:

> when an inmate makes no attempt to initiate and follow to the end prescribed grievance procedures, any responsive action taken by the DOC to resolve a problem brought to its attention, regardless of its source . . . could not be the basis for determining that the exhaustion requirement has been satisfied.

Hock v. Thipedeau, 245 F.Supp.2d at 457.

Neither the Supreme Court nor our court of appeals has found that actions other than filing a formal grievance can constitute the functional equivalent of filing a grievance. Accordingly, Mr. Thomas's letter to Major Brown does not

5

constitute the functional equivalent of filing a grievance and does not excuse him from following the jail's administrative grievance procedure by filing a formal administrative grievance.

For the foregoing reasons, the court DENIES the defendants' motion to strike (docket #39), GRANTS the defendants' motion for summary judgment (docket #29), DISMISSES this case without prejudice pursuant to 28 U.S.C. § 1997e(a), and DENIES the plaintiff's motion to compel discovery (docket #48) and his motion to amend/correct his motion to compel (docket #50) as moot.

SO ORDERED.

ENTERED: May 12 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court