```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                   SOUTH BEND DIVISION
```

WAYMAN THOMAS,                      )
                                    )
        Plaintiff                   )
                                    )
    vs.                             )   CAUSE NO. 3:04-CV-288 RM
                                    )
TIM TIMKO, *et al.*,                )
                                    )
        Defendants                  )

## OPINION AND ORDER

Wayman Thomas, a prisoner committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging that Tippecanoe County Jail officials violated his federally protected rights on December 4, 2003, while he was temporarily housed at the jail. The court screened the complaint pursuant to 28 U.S.C. § 1915A and allowed Mr. Thomas to proceed against Custody Officer Tim Timko on his excessive use of force claim and against Custody Sergeant Sean Barnes on his deliberate indifference to serious medical needs claim.

The defendants moved for summary judgment, pursuant to FED. R. CIV. P. 56, solely on the question of whether Mr. Thomas exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Mr. Thomas responded to the defendants' summary judgment motion. The court entered judgment for the defendants because the plaintiff provided no admissible evidence that he attempted to exhaust his administrative remedies.

Mr. Thomas has filed a motion to amend findings, citing FED. R. CIV. P. 52(b). The first matter to address is whether Mr. Thomas's motion should be treated as a motion to alter or amend judgment under FED. R. CIV. P. 59(e) or as a motion for relief under Rule 60(b). Because Mr. Thomas filed his motion within

ten days of the entry of judgment, his motion could procedurally qualify as a Rule 59 motion:

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief. Regardless, we review decisions under each rule only for abuse of discretion.

Harrington v. City of Chicago, — F.3d — , 2006 WL 9253 at *4-5 (7th Cir.) (citations omitted).

The Harrington court concluded that because the only arguable basis for relief presented was excusable neglect, the motion was property treated as a Rule 60(b) motion. "Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures.'" *Id.* at 5, quoting Bordelon v Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). As in Harrington, the only arguable basis for relief for Mr. Thomas is excusable neglect.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002).

2

In support of their summary judgment motion, the defendants submitted the affidavit of Tippecanoe Jail Commander Denise Saxton, which established that the Tippecanoe County Jail had a grievance procedure in effect while Mr. Thomas was housed there and that there was a procedure by which inmates could request medical care for non-emergency medical conditions. She stated in her affidavit that the jail rules, which include the grievance and medical request procedures, were posted on the cell doors in the receiving area of the jail and were typically provided to inmates entering the jail. Nevertheless, according to Ms. Saxton, Mr. Thomas didn't submit a grievance dealing with the incident he alleges occurred on December 4, 2003, nor did he submit a medical request form.

At the same time they moved for summary judgment, the defendants provided Mr. Thomas with an extensive warning, advising him of the consequences of not submitting an affidavit stating facts opposing their summary judgment motion. Mr. Thomas did not submit an affidavit stating facts dealing with the question of whether he attempted to exhaust his administrative remedies. Instead, he responded to the defendants' submissions with a memorandum of law and exhibits.

In his memorandum of law, Mr. Thomas said he began "the initial steps to the grievance process by initiating a grievance request while simultaneously requesting a medical complaint form as well . . . only to be denied such request." Mr. Thomas states that "each time he pushed the emergency intercom button, located in the cell, a voice would respond 'this is not D.O.C. we don't have a grievance procedure here, and no you cannot see the doctor.'" (Plaintiff's memorandum of law at p. 4).

3

Because the defendants met their initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Thomas to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he attempted to grieve the excessive use of force by Officer Timko and denial of medical attention by Sgt. Barnes. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Because Mr. Thomas did not submit sworn testimony, the court concluded that he had not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

Mr. Thomas asks the court reopen this case and consider the evidence contained in the affidavit he now submits on the question of exhaustion of administrative remedies. He does not explain why he did not submit this evidence in affidavit form in response to the defendants' summary judgment motion.

To assure that *pro se* litigants are aware of the technical requirements of a proper response to a summary judgment motion, courts require that the defendants (or the district court itself) advise the plaintiff of what he must do to properly respond to a motion for summary judgment supported by sworn testimony. Kincaid v. Vail, 969 F.2d 594 (7th Cir. 1992); Timms v. Frank, 953 F.2d 281 (7th Cir. 1992); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982).

When the defendants filed their summary judgment motion, they also filed a three page notice advising Mr. Thomas of the requirements of Rule 56. This notice cited the cases discussed above, quoted the relevant portions of the rule, several times advised Mr. Thomas of the necessity of providing evidence by affidavit or other admissible form, and advised him that the court might enter

4

judgment against him if he did not submit an affidavit stating his version of events under oath. The court cannot say that the defendants' notice did not comply with the requirements set forth in Kincaid v. Vail, Timms v. Frank, and Lewis v. Faulkner.

Had Mr. Thomas placed the statements contained in his memorandum in an affidavit, or had he sworn to the factual assertions in his memorandum under penalty of perjury, his statement might well have created disputed issues of material fact precluding summary judgment. But a summary judgment court cannot accept unsworn statements contained in a memorandum as evidence, nor —in the circumstances presented here—can it find excusable neglect on Mr. Thomas's part.

Summary judgment against a *pro se* prisoner litigant is appropriate when "the Lewis warnings provided by the defendants . . . clearly and adequately appraised [him] of the consequences of failing to respond to the motion with affidavits." Outlaw v. Newkirk, 259 F.3d 833, 842 (7th Cir. 2001). Accordingly, the Mr. Thomas's motion contains no basis to reopen this case.

For the foregoing reasons, the court DENIES the plaintiff's motion to amend findings (docket #53).

SO ORDERED.

ENTERED: January 30 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

5